RATTET PASTERNAK, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak, Esq.
Julie A. Cvek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

                                                     Chapter 11

MAPES CONDOMINIUM CORP.,           Case No. 11-

                                    Debtor.
-------------------------------------------------------------------X

## AFFIDAVIT OF ROBERT JAMES
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK      )
                                ) ss.:
COUNTY OF NEW YORK   )

      ROBERT JAMES, being duly sworn, deposes and says:

      1.      I am the Vice President and 30% shareholder of Mapes Condominium Corp. (the "Debtor"). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

      2.      I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-2(a)(1)**

      3.      The Debtor is a single asset real estate entity that owns and operates an undeveloped parcel of land located at 2132 Mapes Avenue, Bronx, New York (the "Property"). The current size of the Property is 33 1/3 feet by 145 feet , and it is Zoned R7-1.

4. The Property has an approximate fair market value of $400,000 and has a first priority secured mortgage in the approximate amount of $291,971.01 held by David A. Cantor and Baron Associates ("Lender"). In addition, New York City Department of Finance recorded a tax lien against the Property in the amount of $15,360.25.

5. Upon acquiring the Property, the Debtor hired an architect to draft building plans to construct an 18-20 unit apartment building. However, shortly thereafter, the mortgage proceeds became encumbered when a judgment creditor of one of the Debtor's principal froze the bank account holding the monies to satisfy a judgment. The Debtor was rendered unable to complete payments to the architect to obtain approved plan for the building and for beginning the construction of the building.

6. The Debtor's cash flow constraints not only crippled the Debtor's ability to develop the Property, but rendered the Debtor unable to remit mortgage payments to its Lender. Lender heretofore commenced foreclosure proceeding in the Supreme Court of the State of New York, Bronx County, encaptioned *David A. Cantor and Baron Associates v. Mapes Condominium Corp,* Index No. 380114/09 (the "Foreclosure Action").

7. By this Chapter 11 filing, the Debtor hopes to restructure its mortgage obligations with its Lender either through a consensual or otherwise confirmed chapter 11 plan.

**Local Rule 1007-2(a)(2)**

8. This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

9. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

10. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding "insiders" as that term is defined in § 101(31) of Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

11. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

12. A summary of the Debtor's assets and liabilities is annexed as **Schedule III**.

**Local Rule 1007-2(a)(7)**

13. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

14. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

15. The Debtor operates from 2132 Mapes Avenue, Bronx, New York.

**Local Rule 1007-2(a)(10)**

16. The Debtor's substantial assets are located at 2132 Mapes Avenue, Bronx, New York. The Debtor's books and records are located c/o Robert James, 3767 Barnes Avenue, Bronx, New York.

**Local Rule 1007-2(a)(11)**

17. The following action is pending against the Debtor: *David A. Cantor and Baron Associates v. Mapes Condominium Corp,* Supreme Court of the State of New York, Bronx

County, Index No. 380114/09 (the "Foreclosure Action").

**Local Rule 1007-2(a)(12)**

18.     The Debtor's senior management consists of Robert James, Vice President.

**Local Rule 1007-2(b)(1)**

19.     The estimated payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the filing of the chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(2)**

20.     The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(3)**

21.     The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

22.     The Debtor believes it is in the best interests of all of it creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

23.     The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

24.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Robert James*  
Robert James, Vice President

Sworn to before me this
6th day of June, 2011

*/s/ Julie A. Cvek*
Notary Public

    JULIE A. CVEK
Notary Public, State of New York
    No. CV6136681
  Qualified in Queens County
Commission Expires Nov. 14, 2013

## Schedule I

## List of Debtor's 20 Largest Unsecured Creditors

JP Morgan Chase Bank $3,480.86
55 Water Street
New York, New York 10005

## Schedule II

## List of Debtor's 5 Largest Secured Creditors

| | |
|---|---|
| David A. Canter and Banter Associates<br>c/o Adam E. Mikolay, P.C.<br>90 Merrick Avenue, Suite 501<br>East Meadow, New York 11554 | $291,971.01 |
| NYCTL-3010-A Trust<br>P.O. Box 11409<br>Church St. Station<br>New York, New York 10286-1409 | $15,360.25 |
| NYC Dept. of Finance<br>59 Maiden Lane, 28th Floor<br>New York, New York 10038-4502 | $6,867.75 |

## Schedule III

## Debtor's Estimated Assets and Liabilities as of May 31, 2011

**ASSETS**

| | |
|---|---|
| Real Property | $400,000 |
| TOTAL ASSETS | $400,000 |

**LIABILITIES**

| | |
|---|---|
| Real Estate Taxes | $23,000 |
| First Mortgage | $291,971.01 |
| Bank Overdraft | $3,480.86 |
| TOTAL LIABILITIES | $318,451.87 |

# Schedule IV

# 30 Day Budget

**INCOME**

| | |
|---|---|
| Rental Income | $0 |
| TOTAL INCOME | $0 |

**EXPENSES**

| | |
|---|---|
| Real Estate Taxes (Pro Rated) | $650 |
| Insurance | $50 |
| Debt Service (Interest at Contract Rate) | $3,300 |
| TOTAL EXPENSES | $4,000 |